UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MONTE P. WHITE, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 3:21cv189 (KAD) |
| | : | |
| LIEUTENANT DARRANT, et al., | : | |
| Defendants. | : | |

### INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A

The plaintiff, Monte White ("White"), a sentenced prisoner[1] currently held at

MacDougall-Walker Correctional Institution, brings this civil rights action, *pro se,* pursuant to

42 U.S.C. § 1983 against former Commissioner Cook, as well as Warden Kenneth Butricks,

Lieutenant Owen DeCardo, Counselor Supervisor Faraci, and Lieutenant Darrant, all employees

at Cheshire Correctional Institution. ECF No. 1. He seeks damages in connection with the

defendants' alleged Eighth Amendment deliberate indifference to his health and safety.[2] *Id.*

For the following reasons, the Court permits White's Eighth Amendment claims to

proceed against Warden Butricks, Lieutenant DeCardo, and Counselor Supervisor Faraci. Claims

against former Commissioner Cook and Lieutenant Darrant are dismissed.

---

[1]  The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=291680.

[2]  White's complaint also raises claims of negligence. *Id.* at ¶ 8. The court limits its review for purposes of 28 U.S.C. § 1915A to federal law claims because the purpose of an initial review order is to conduct a prompt initial screening to determine whether the lawsuit may proceed at all in federal court and should be served upon any of the named defendants. If there are no facially plausible federal law claims, then the Court would decline to exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367. On the other hand, if there are any viable federal law claims that remain, then the validity of any accompanying state law claims may be appropriately addressed in the usual course by way of a motion to dismiss or motion for summary judgment. More generally, the court's determination for purposes of an initial review order under 28 U.S.C. § 1915A that any claim may proceed against a defendant is without prejudice to the right of any defendant to seek dismissal of any claims by way of a motion to dismiss or motion for summary judgment in the event that the court has overlooked a controlling legal principle or if there are additional facts that would warrant dismissal of a claim.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

**ALLEGATIONS**

The Court accepts for purposes of this review that all of White's allegations are true. On April 17, 2020, White was assaulted by another inmate, Kevin Bennet, while in protected

custody. ECF No. 1 at ¶ 1. He sustained a broken jaw and has had to have ongoing surgery for wiring his mouth. *Id.* at ¶ 2.

On April 17, Lieutenant Darrant failed to ask White if he wanted to press charges against Bennet and failed to provide White with a paper to sign so that he could press charges against Bennet. *Id.* at ¶ 3.

On May 11, White spoke to Warden Butricks about the pressing charges and he wrote an inmate request seeking to be moved out of Cheshire. *Id.* at ¶ 4. DOC still tried to place White in the same unit with Bennet. *Id.* White had to take other steps to have an order that he not be placed back into the unit.[3] *Id.* White feared that his life would be endangered if he returned to the same unit with Bennet. *Id.*

On May 22, White spoke to Lieutenant DeCardo about a transfer to another facility due to his safety concerns about being in the same facility or unit as Bennet. *Id.* at ¶ 5. On May 28, White also spoke to Counselor Supervisor Faraci about his safety concerns and his request for transfer to another facility. *Id.* at ¶ 6. He told her that he did not want not to return to the same unit where Bennet resided. *Id.* But the defendants tried to move him back to the same unit with Bennet. *Id.* at ¶ 7.

## DISCUSSION

White asserts that the defendants placed him an unsafe condition and acted with indifference to his medical needs. *Id.* at ¶10. The Court construes White's complaint as alleging that defendants violated the Eighth Amendment by acting with deliberate indifference to his

---

[3] This allegation is not entirely legible.

health and safety.[4] The Court also liberally construes White's factual allegations as including a violation of his First Amendment right to petition.

**Eighth Amendment**

To state an Eighth Amendment claim for unconstitutional conditions of confinement, White must allege facts supporting an objective element—that "the deprivation was sufficiently serious that he was denied the minimal civilized levels of life's necessities"—and a subjective element—that the defendants "acted with a sufficiently culpable state of mind, such as deliberate indifference to inmate health or safety." *Washington v. Artus*, 708 F. App'x 705, 708 (2d Cir. 2017) (summary order) (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013)) (internal quotation marks omitted).

Under the objective component, there is no "bright line test" to determine whether a risk of serious harm is "substantial" for Eighth Amendment purposes. *Lewis v. Siwicki*, 994 F.3d 427, 432 (2d Cir. 2019). The court must "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk," *i.e.*, "the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis in original). The court makes this determination in light of the steps the facility has already taken to mitigate the danger. *Id.*

To satisfy the subjective component, White must allege that the defendants knew that he faced a substantial risk to his health or safety and disregarded that risk by failing to take

---

[4] In order to state a deliberate indifference claim, the plaintiff must allege both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle*, 492 U.S. at 105). White has not alleged that any defendant has acted with deliberate indifference to his serious medical need.

4

corrective action. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Phelps v. Kapnolas*, 308 F.3d 180, 185096 (2d Cir. 2002) (defendant must have been "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed] and ... dr[ew] that inference").

"[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833; *see also Heisler v. Kralik*, 981 F. Supp. 830, 835 (S.D.N.Y 1997) ("It is well established that the Eighth Amendment imposes on prison officials the duty to protect inmates from violence at the hands of other inmates."). Here, Plaintiff has alleged that Bennet had violently attacked him while in protective custody. ECF No. 1 at ¶ 1. White has alleged that the defendants tried to move him back into the same unit as Bennet, although it is unclear whether such placement ever occurred. *Id.* a6t ¶¶ 4-7. However, for initial review purposes, White has sufficiently alleged that he was subjected to a substantial risk of harm by being in the same unit or facility as Bennet.

White's complaint alleges that he expressed his safety concerns about Bennet to Warden Butricks, Lieutenant DeCardo, and Counselor Supervisor Faraci and requested a transfer, but these Defendants ignored his requests. *Id.* at ¶¶ 4-7. Accordingly, at this initial stage in the matter, White's allegations are sufficient to raise an inference that Butricks, DeCardo, and Faraci acted with deliberate indifference to the substantial risk of harm to White by confining him in the same unit or facility as Bennet.

Accordingly, White's Eighth Amendment claims may proceed against Warden Butricks, Lieutenant DeCardo, and Counselor Supervisor Faraci for further development.

**First Amendment Right to Make A Police Report**

"The rights to complain to public officials and to seek administrative and judicial relief are protected by the First Amendment."[5] *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 194 (2d Cir. 1994). Furthermore, "it is axiomatic that filing a criminal complaint with law enforcement officials constitutes an exercise of the First Amendment right to petition government for the redress of grievances." *Estate of Morris ex rel. Morris v. Dapolito*, 297 F. Supp. 2d 680, 692 (S.D.N.Y. 2004) (internal quotation marks and citations omitted).

Here, White alleges that Lieutenant Darrant failed to ask him whether he wanted to press charges and failed to provide him with the paperwork for pressing charges against Bennet. ECF No. 1 at ¶ 3. He alleges further that he also spoke to Warden Butricks about pressing charges against Bennet. *Id.* at ¶ 4. White has not alleged, however, that he was prevented from filing a report. There is a significant distinction between failing to assist in the filing of a complaint, and affirmatively preventing the filing of a complaint. As White's allegations do not provide facts suggesting that any defendant prevented him from filing a police complaint regarding Bennet's assault, White has not raised a plausible First Amendment claim.

Furthermore, to the extent that Plaintiff asserts a constitutional violation based on his inability to gain a criminal investigation or prosecution against Bennet, White has no protected legal interest in Bennet's criminal prosecution, *Brown v. Volpe*, No. 15 CIV. 9004 (PAE), 2017 WL 985895, at *4 (S.D.N.Y. Mar. 13, 2017), or a "constitutional right to an investigation of any kind by government officials[,]" *Banks v. Annucci*, 48 F. Supp. 3d 394, 414 (N.D.N.Y. 2014)

---

[5]  The Second Circuit has held that the right to access is grounded in several constitutional provisions, including the Privileges and Immunities Clause of Article IV, the Petition Clause of the First Amendment, and the due process and equal protection clauses of United States Constitution. *Doe v. U.S. Immigration & Customs Enf't*, No. 19-CV-8892 (AJN), 2020 WL 5769478, at *15 (S.D.N.Y. Sept. 28, 2020) (*Bourdon v. Loughren*, 386 F.3d 88, 95 (2d Cir. 2004)).

(citations omitted); s*ee also Leeke v. Timmerman*, 454 U.S. 83, 87 (1981) (inmates alleging beating by prison guards lack standing to challenge prison officials' request to magistrate not to issue arrest warrants); *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Joyce v. Hanney*, No. 3:05cv1477 (WWE), 2009 WL 563633, at *9 (D. Conn. Mar. 4, 2009) (prisoner has no constitutional right to have defendants disciplined or prosecuted).   White's First Amendment claim is therefore dismissed.

**Commissioner Cook**

White must allege facts to establish the personal involvement of a defendant in an alleged constitutional violation in order to hold that defendant liable for an award of damages under § 1983. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). In *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020), the Second Circuit concluded that "there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* at 618 (quoting *Iqbal*, 556 U.S. at 676). Thus, "[t]he violation must be established against the supervisory official directly." *Id.* White has not alleged any facts describing any personal involvement by Commissioner Cook in the alleged Eighth Amendment violation or any other constitutional violation. Thus, all claims against former Commissioner Cook are dismissed.

## ORDERS

The Court enters the following orders:

(1) The case shall proceed on White's Eighth Amendment claims against Warden Butricks, Lieutenant DeCardo, and Counselor Supervisor Faraci.

All other claims are DISMISSED without prejudice. Within 30 days of this order, White may file an amended complaint if he can allege facts to correct the deficiencies identified in this order. White is advised that any amended complaint will completely replace the prior complaint in the action, and that no portion of any prior complaint shall be incorporated into his amended complaint by reference.

(2) The clerk shall verify the current work addresses for Warden Butricks, Lieutenant DeCardo, and Counselor Supervisor Faraci with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint to them at their confirmed addresses within by **April 30, 2021**, and report on the status of the waiver request on the **thirty-fifth (35th) day** after mailing. If any defendant fails to return the waiver request, the clerk shall make arrangements for in-person individual capacity service by the U.S. Marshals Service on that defendant, and that defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The clerk shall send a courtesy copy of the complaint and this Order to the DOC Office of Legal Affairs and the Office of the Attorney General.

(4) The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. The defendants may also include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed by **October 9, 2021**. Discovery requests need not be filed with the Court.

(6) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(7) All motions for summary judgment shall be filed by **November 9, 2021**.

(8) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify the defendants or defense counsel of his new address.

(10) The plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. The plaintiff is advised that the Program may be used only to file documents with the court. Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on defendants' counsel by regular mail.

**SO ORDERED** this 9th day of April 2021 at Bridgeport, Connecticut.

_____/s/_____
Kari A. Dooley
United States District Judge

9